UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGETTE C. WEBB,

                       Plaintiff,                              05-CV-783

v.                                                           **DECISION**
                                                           **And ORDER**

JO ANNE BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

                       Defendant.

_____

## INTRODUCTION

Plaintiff, Georgette C. Webb ("Webb" or "plaintiff") brings this action pursuant to the Social Security Act, codified at 42 U.S.C. § 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, denying her application for Disability Insurance Benefits. Specifically, Webb alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by substantial evidence contained in the record, or was legally deficient.

The Commissioner moves for judgment on the pleadings on the grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Webb opposes the defendant's motion and requests judgment on the pleadings.

## BACKGROUND

On November 14, 2002 plaintiff Georgette C. Webb, a 42 year old with a high school diploma and less than a semester of college, filed an application for disability insurance benefits claiming that she had become unable to work as a night auditor as of January 22, 2002 because of

fibromyalgia. (Tr. 15, 50, 80). The application was denied initially and on reconsideration by the State Disability Determination Service. (Tr. 12-14, 15, 22-31). Plaintiff requested an administrative hearing which was held on September 8, 2004, at which plaintiff was represented by an attorney. (Tr. 15, 32-35, 171-98).

On the basis of the testimony and evidence submitted at the hearing, and the medical record, in a decision dated March 14, 2005, the ALJ found that Webb suffered from fibromyalgia, a severe impairment. The ALJ also found that the plaintiff did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments identified in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. (Tr. 19). The ALJ held that the plaintiff could perform past relevant work, including a night auditor, a compositor, and a records clerk. (Tr. 19). On August 31, 2005 Webb's appeal of the ALJ's decision to the Appeals Council was denied, and on November 1, 2005, plaintiff filed this action. (Tr. 4-6).

## DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2nd Cir. 1983) (finding

that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted).  Defendant asserts that the decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2nd Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate.  See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence and therefore judgment on the pleadings is hereby granted in favor of the defendant.

    II.    <u>The Commissioner's Decision to Deny Plaintiff Benefits was Supported by Substantial Evidence In the Record.</u>

The ALJ made the determination based on the evidence before her that plaintiff was able to perform past relevant work.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…" 42 U.S.C. § 423(d) (1991).  The ALJ determined that plaintiff was not engaged in substantial gainful activity; that plaintiff's fibromyalgia was a severe impairment; that plaintiff's condition did not meet or equal one of the

listed impairments in Appendix 1, Subpart P, Regulation No. 4; and that plaintiff did have the capacity to perform her past relevant work. (Tr. 19).

The residual functional capacity assessment by the ALJ is supported by substantial evidence in the record. The ALJ determined that the plaintiff was able to lift twenty pounds occasionally and ten pounds frequently, could stand or walk for no more than six hours in an eight hour day, do some pushing or arm controls, but was limited in stooping, use of arms and hands for grasping, holding and turning objects. (Tr. 195-96). This residual functioning capacity assessment incorporates the findings and conclusions of consultative examiners, Dr. Carmen Bird-Pico, Dr. Lisa A. Ree, and Dr. Vallis Anthony.

Consultative examiner, Carmen Bird-Pico, M.D. reviewed Webb's medical record on April 24, 2003 and completed a residual functional capacity evaluation. (Tr. 127-34). Dr. Bird-Pico opined that the plaintiff could occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, stand or walk about six hours in an eight hour day, sit for about six hours in an eight hour day, and has no limitations on pushing or pulling. (Tr. 128). Dr. Bird-Pico found that plaintiff's was able to occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 129). On July 18, 2003 , Lisa A. Ree, D.E. completed another residual functional capacity evaluation after review of the plaintiff's medical record. (Tr. 146-54). Dr. Ree concurred with Dr. Bird-Pico's assessment, except the doctor found that Webb was able to frequently climb, balance, kneel, crouch and crawl. (Tr. 148). Dr. Ree opined that Webb was capable of sedentary to medium-level work. (Tr. 154).

Webb was examined by consultative examiner, Vallis Anthony, M.D. on April 1, 2003 for fibromyalgia. (Tr. 120-26). Plaintiff complained of severe neck pain, shoulder and back pain, muscle knots, twitching, numbness in her hands and feet, problems concentrating, and an

inability to stand or sit for more than ten minutes. (Tr. 120). Plaintiff claimed she was depressed, but Dr. Anthony found that she was alert and oriented and her thought processes appeared normal. (Tr. 121). In his report Dr. Anthony noted that the plaintiff had not filled her prescription for Flexeril by Dr. Delafield, because she was concerned about possible side-effects. (Tr. 120). Dr. Anthony found that the plaintiff had tenderness in most extremity areas and positive trigger points. (Tr. 121-22). However, there was no tenderness or masses in the plaintiff's abdomen or swelling or deformity of Webb's joints. (Tr. 122). Plaintiff displayed symmetrical deep tendon reflexes, a grip strength of five out of five on her left hand, and her hand skills and ability to manipulate objects were normal. (Tr. 122). Plaintiff's range of motion for all areas tested were normal, except her back extension was rated 10/25, her back flexion was 60/90, and her neck extension was 50/60. (Tr. 123-24). Webb's lower extremities had five out of five motor strength and no focal sensory deficits. Plaintiff had full motor strength in her lower extremities, her straight leg raising was negative bilaterally in the seated and supine positions, and her toe and heel walking were normal. Webb walked with a stable and safe gait at an appropriate speed without the use of an assistive device. Dr. Anthony diagnosed Webb with fibromyalgia. Id.

On February 12, 2002 plaintiff was treated by Nilger Matpartida, M.D. at the Tri County Chiropractic office in Chiefland, Florida for treatment of total and constant back pain. (Tr. 109). Webb complained that her pain was a 10 on a scale and that it interfered with her work, sleep, daily routine, and recreation. Plaintiff reported that it was painful to sit, stand, walk, bend, and lie down. Id. Webb complained that she had pain in her neck that radiated into her shoulders. (Tr. 111). The chiropractor noted that the plaintiff had tripped over a weight machine and had been sparring in karate class. The chiropractor opined that Webb had five out of five strength in

all muscle groups. Id. The plaintiff visited the chiropractor again on February 14 and 20, 2002 and told the chiropractor she was feeling "pretty good" on both occasions. (Tr. 112).

Rheumatologist, Fredrick Delafield, M.D. examined the plaintiff on November 22, 2002 for fibromyalgia. (Tr. 137). Dr. Delafield reported that the plaintiff did not want to take medication and smelled strongly of alcohol and had admitted to drinking beer before the examination. Dr. Delafield noted that the plaintiff had no proliferate synovitis and was depressed. He diagnosed Webb with fibromyalgia and prescribed cyclobensaprine and an aerobic exercise program. Id.

On April 4, 2003 the plaintiff was treated by acupuncturist, Peter Stewart. (Tr. 140-44). The plaintiff was not taking any medication and complained that she had low energy and insomnia, due to her pain. (Tr. 140). The plaintiff told Mr. Stewart that her pain had decreased until about 1-2 days ago. (Tr. 142). Mr. Stewart had treated Webb before on March 26, 2003 for severe neck, shoulder, and back pain. (Tr. 145). Webb was treated with acupuncture and acupressure massage. Mr. Stewart opined that Webb's pain would prevent her from sitting, standing, walking, lifting, carrying and handling objects, which resulted in an inability to function in a work setting. Id. An acupuncturist is not an acceptable medical source. 20 C.F.R. § 404.1513(a); 20 C.F.R. § 404.1513(e)(3). Furthermore, Mr. Stewart only examined the plaintiff twice, and did not provide sufficient medical evidence to support his conclusions.

At the administrative hearing the ALJ presented the vocation expert, Kathy Bottroff with a hypothetical individual who was the same age, had the same work history and education as the plaintiff, had the residual functional capacity to lift twenty pounds occasionally and ten pounds frequently, could stand or walk for no more than six hours in an eight hour day, do some pushing of arm controls, but was limited in stooping, use of arms and hands for grasping, holding and

turning objects. (Tr. 195-96). The vocational expert opined that a person with these abilities and characteristics could perform work of a night auditor and records clerk position which Webb had performed in the past. (Tr. 196). Webb's past work as a night auditor was a sedentary job and was skilled work, but encompassed light work under Webb's description of the job. Webb's past work as a records clerk required a light level of exertion and was unskilled work. Id.

The plaintiff's claim that her medical impairments resulted in total disability is not supported by the substantial evidence in the record. The extent of her medical disability, as testified to by the vocational expert and which was relied upon by the ALJ, does not prevent her from performing her past relevant work as a night auditor or records clerk. Accordingly, there is substantial evidence in the record to support the ALJ's finding that the plaintiff is able to perform her past relevant work. and that she is not disabled.

## CONCLUSION

For the reasons set forth above, I grant Defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:      Rochester, New York
            February 19, 2008